# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                   Case Nos.: 3:99cr29/LAC/CJK
                                                         3:13cv636/LAC/CJK

**RONALD GUERRIER**

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he references a "forthcoming memorandum" (doc. 281). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to possess with intent to distribute controlled substances, and the court sentenced him to a term of 328 months imprisonment on June 25, 2002 (docs. 142, 151). He did not appeal. In 2005, Defendant filed a petition/motion to re-open, review and revise the judgement, which

was denied (docs. 182, 183). In 2008, he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 which was also denied (docs. 206, 207, 210, 213). Finally, in 2011, Defendant filed another motion pursuant to 18 U.S.C. § 3582(c) for a sentence reduction under Amendment 750 to the Sentencing Guidelines, which the court also denied (docs. 265, 268). The Eleventh Circuit dismissed Defendant's appeals of the denials of each of these motions for failure to prosecute (docs. 200, 247, 280). Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[1] on December 16, 2013 (doc. 281 at 5).

Defendant raises three grounds for relief in his motion. Citing *Alleyne v. United States*, 133 S.Ct. 2151 (2013), he asserts a violation of his sixth amendment rights, and Defendant also raises an equal protection claim and asserts that his plea was not knowing, voluntary and intelligent.[2]

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[2] Defendant has failed to properly complete the court form with respect to the latter two claims. He offers no factual support for the second and third claims, instead referring to his "forthcoming memorandum," which, to date, the court has not received. Due to the court's finding that his motion is untimely, he will not be required to amend his motion to properly complete the court form.

Case Nos.: 3:99cr29/LAC/CJK; 3:13cv636/LAC/CJK

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's judgment of conviction is dated June 28, 2002 (doc. 151). Because he did not appeal, his conviction became final when the time for doing so expired. The instant motion was filed over eleven years later. Defendant appears to have filed his motion in response to the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). However, even if *Alleyne* were applicable to the facts of Defendant's case, this case is not retroactively applicable on collateral review. *See, e.g., Starks v. Warden, FCC Coleman-USP I*, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013); *In re Kemper*, 735 F.3d 211 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *United States v. Stewart*, Case No. 13-6775, 2013 WL 5397401 (4th Cir. Sept. 27, 2013); *In re Payne*, 733 F.3d 1027, 1029–1030 (10th Cir. 2013). Thus, it affords Defendant no relief and does not open the door to Defendant's untimely attempt to seek collateral review.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v.*

*United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Defendant's apparent attempt to bootstrap claims on what he may have believed was a timely claim based on *Alleyne* fails and his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 281) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of January 2014.


/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:99cr29/LAC/CJK; 3:13cv636/LAC/CJK